# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
SUSAN ZAKI and RAMEZ ZAKI,

                              Plaintiffs,

                -against-

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
MTA LONG ISLAND RAILROAD and NATIONAL
RAILROAD PASSENGER CORPORATION d/b/a
AMTRAK,

                          Defendants,
------------------------------------------------------------X

To the above-named defendants:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the plaintiff's attorneys within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete. If this Summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgement will be taken against you by default for the relief demanded in the
Complaint.

Dated:  New York, New York
         July 8, 2022

**SUMMONS**

Index No:

Plaintiff designates New York
County as the place of trial
based upon the situs of the
underlying incident.

                         Yours, etc.,

                         Jason Linden, Esq.
                         Linden Law LLC
                         Attorneys for Plaintiff
                         250 West 57th Street, Suite 432
                         New York, NY 10107
                         (212) 804-8440

TO:
NEW YORK CITY TRANSIT AUTHORITY
130 Livingston Street
Brooklyn, NY 11201

Case 1:22-cv-09372-ER   Document 2-1   Filed 11/01/22   Page 3 of 21

METROPOLITAN TRANSPORTATION AUTHORITY
2 Broadway
New York, NY 10004

MTA LONG ISLAND RAILROAD
Jamaica Station
Jamaica, NY 11435

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK
1 Massachusetts Avenue NW
Washington, DC 20005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
SUSAN ZAKI and RAMEZ ZAKI,

                     Plaintiffs,

      -against-


NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
MTA LONG ISLAND RAILROAD and NATIONAL
RAILROAD PASSENGER CORPORATION d/b/a
AMTRAK,

                  Defendants,
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

     Plaintiffs by their attorneys, **Linden Law LLC** as and for a cause of action alleges, upon information and belief, as follows:

## CONDITION PRECEDENT AND PARTIES

    1.   At all times herein mentioned, the Plaintiff SUSAN ZAKI and RAMEZ ZAKI were residents of the County of Nassau, State of New York.

    2.   That the plaintiffs, SUSAN ZAKI and RAMEZ ZAKI, has complied with all of the conditions precedent to the bringing of this action, and has complied with all of the provisions of the General Municipal Law and the Public Authorities Law in relation thereto.

    3.   That the Plaintiffs, SUSAN ZAKI and RAMEZ ZAKI, have presented a Notice of Claim to the defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, MTA LONG ISLAND RAILROAD and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for adjustment on or about October 25, 2022.

4.    That more than thirty days elapsed since the presentation of said Notice of Claim to the defendants NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, MTA LONG ISLAND RAILROAD and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK.

5.    That on June 16, 2022, pursuant to General Municipal Law 50-H, a hearing was held virtually more than thirty (30) days have elapsed since this claim was presented for settlement and the defendant, NEW YORK CITY TRANSIT AUTHORITY, has neglected and/or refused to make any adjustment thereon.

6.    That on February 28, 2022, pursuant to General Municipal Law 50-H, a hearing was held virtually more than thirty (30) days have elapsed since this claim was presented for settlement and the defendant, MTA LONG ISLAND RAILROAD, has neglected and/or refused to make any adjustment thereon.

7.    To date, defendant METROPOLITAN TRANSPORTATION AUTHORITY has not requested a hearing pursuant to General Municipal Law §50-h and §1276 of the Public Authorities Law and §1200, et seq, as amended, of the Public Authorities La

8.    To date, defendant NATIONAL RAILROAD PASSENGER CORPORATION has not requested a hearing pursuant to General Municipal Law §50-h and §1276 of the Public Authorities Law and §1200, et seq, as amended, of the Public Authorities Law.

9.    To date, defendant AMTRAK has not requested a hearing pursuant to General Municipal Law §50-h and §1276 of the Public Authorities Law and §1200, et seq, as amended, of the Public Authorities Law.

10.    That the Notice of Claim, which was presented to the defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY,

MTA LONG ISLAND RAILROAD and NATIONAL RAILROAD PASSENGER

CORPORATION d/b/a AMTRAK., remains unadjusted despite the aforesaid.

11.  That the defendants, NEW YORK CITY TRANSIT AUTHORITY,

METROPOLITAN TRANSPORTATION AUTHORITY, MTA LONG ISLAND RAILROAD

and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK have neglected,

failed and refused to make any adjustment of the notice of claim which was presented to them on

behalf of the plaintiff, SUSAN ZAKI and RAMEZ ZAKI.

12.  That at least thirty days have elapsed since the notice of claim, demand claim and/or

claims of the plaintiff SUSAN ZAKI and RAMEZ ZAKI , upon which this action is founded,

were presented to, filed with, and served upon a member of the "public authority defendants"

(the NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION

AUTHORITY, MTA LONG ISLAND RAILROAD and NATIONAL RAILROAD

PASSENGER CORPORATION d/b/a AMTRAK) or other officer designated for such purpose,

and yet the "public authority defendants" (the NEW YORK CITY TRANSIT AUTHORITY,

METROPOLITAN TRANSPORTATION AUTHORITY, MTA LONG ISLAND RAILROAD

and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK) have

neglected, failed and refused to make any adjustment or payment thereof, to date.

13.  That this action is being commenced within one year and ninety days after the

accrual of this cause of action, or otherwise within the time allowed by law.

14.  At all times hereinafter mentioned, the defendants, NEW YORK CITY TRANSIT

AUTHORITY, was and still is domestic municipal government public authority corporation.

15.  At all times hereinafter mentioned, the defendants, NEW YORK CITY TRANSIT

AUTHORITY, transacted business within the State of New York; regularly did or solicited

Case 1:22-cv-09372-ER   Document 2-1   Filed 11/01/22   Page 7 of 21

business within the State of New York or engaged in other persistent courses, conduct and/or derived substation revenue from goods used or consumed or serviced rendered in the State of New York and expected or should have reasonable expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

16.  At all times hereinafter mentioned, the defendants, METROPOLITAN TRANSPORTATION AUTHORITY, was and still is domestic municipal government public authority corporation.

17.  At all times hereinafter mentioned, the defendants, METROPOLITAN TRANSPORTATION AUTHORITY, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substation revenue from goods used or consumed or serviced rendered in the State of New York and expected or should have reasonable expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

18.  At all times hereinafter mentioned, the defendants, MTA LONG ISLAND RAILROAD, was and still is domestic municipal government public authority corporation.

19.  At all times hereinafter mentioned, the defendants, MTA LONG ISLAND RAILROAD, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substation revenue from goods used or consumed or serviced rendered in the State of New York and expected or should have reasonable expected its acts to have consequences within

the State of New York and/or derived substantial revenue from interstate or international commerce.

20.  At all times hereinafter mentioned, the defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, was and still is domestic municipal government public authority corporation.

21.  At all times hereinafter mentioned, the defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substation revenue from goods used or consumed or serviced rendered in the State of New York and expected or should have reasonable expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

22.  Upon information and belief, that at all times hereinafter mentioned, NATIONAL RAILROAD PASSENGER CORPORATION, was and is a federally chartered corporation, organized and existing pursuant to the laws of the United States of America.

23.  Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, was and is a federally chartered corporation, organized and existing pursuant to the laws of the United States of America.

24.  Upon information and belief, that at all times hereinafter mentioned, NATIONAL RAILROAD PASSENGER CORPORATION, is a private corporation and therefore the Plaintiffs are not subject to any condition precedent prior to bringing a lawsuit.

25.  Upon information and belief, that at all times hereinafter mentioned, AMTRAK, is a private corporation and therefore the Plaintiffs are not subject to any condition precedent prior to bringing a lawsuit.

26.  Upon information and belief, that at all times hereinafter mentioned, the defendant, NATIONAL RAILROAD PASSENGER CORPORATION, provided passenger railroad services within the State of New York.

27.  Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, provided passenger railroad services within the State of New York.

28.  That at all times hereinafter mentioned, and upon information and belief, the defendant NATIONAL RAILROAD PASSENGER CORPORATION, was and still is a domestic business corporation organized and existing by virtue of the laws of the State of New York.

29.  That at all times hereinafter mentioned, and upon information and belief, the defendant NATIONAL RAILROAD PASSENGER CORPORATION, was and still is a foreign corporation authorized to do business in the State of New York.

30.  That at all times hereinafter mentioned, and upon information and belief, the defendant NATIONAL RAILROAD PASSENGER CORPORATION, was a partnership authorized to do business in the State of New York.

31.  That at all times hereinafter mentioned, and upon information and belief, the defendant NATIONAL RAILROAD PASSENGER CORPORATION, was and remains a business entity transacting business in the State of New York.

32. That at all times hereinafter mentioned, and upon information and belief, the defendant NATIONAL RAILROAD PASSENGER CORPORATION, maintained its principal place of business authorized in the State of New York.

33. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, provided passenger railroad services within the State of New York.

34. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, provided passenger railroad services within the State of New York.

35. That at all times hereinafter mentioned, and upon information and belief, the defendant AMTRAK, was and still is a domestic business corporation organized and existing by virtue of the laws of the State of New York.

36. That at all times hereinafter mentioned, and upon information and belief, the defendant AMTRAK, was and still is a foreign corporation authorized to do business in the State of New York.

37. That at all times hereinafter mentioned, and upon information and belief, the defendant AMTRAK, was a partnership authorized to do business in the State of New York.

38. That at all times hereinafter mentioned, and upon information and belief, the defendant AMTRAK, was and remains a business entity transacting business in the State of New York.

39. That at all times hereinafter mentioned, and upon information and belief, the defendant AMTRAK, maintained its principal place of business authorized in the State of New York.

40. Upon information and belief, that at all times hereinafter mentioned, the defendant, NATIONAL RAILROAD PASSENGER CORPORATION, was doing business as "AMTRAK".

## AS AND FOR A FIRST CAUSE OF ACTION
## ACTION ON BEHALF OF SUSAN ZAKI
*(negligence)*

41.  That at all times hereinafter mentioned, plaintiff, SUSAN ZAKI, repeats, reiterates and realleges each and every allegation contained herein, as though same more fully set forth herein at length.

42.  Upon information and belief, that at all times hereinafter mentioned, the defendant, NEW YORK CITY TRANSIT AUTHORITY (hereinafter "NYCTA"), owned Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, and the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

43.  Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, its agents, servants, employees and/or others acting under NYCTA's direction, managed, maintained, inspected, repaired, cleaned and controlled Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

44.  Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, its agents, servants, employees and/or others acting under NYCTA's direction, placed, floor mat(s) in the area immediately surrounding "Escalator Unit 25".

45.  Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, derived a special use and benefit from Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

46. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, had a duty imposed by law, to repair and maintain Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

47. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, its agents, servants, employees and/or others acting under NYCTA's direction, improperly fastened, placed, erected and/or moved the abovementioned floor mat(s).

48. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, owned the abovementioned floor mat(s).

49. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, its agents, servants and/or employees, had a duty to maintain, repair and ensure that such floor mat(s) were not placed in such a way or moved in such a way to create a danger to lawful pedestrians of Penn Station approaching "Escalator Unit 25".

50. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, its agents, servants and/or employees, controlled the aforesaid floor mat(s) which were present in the immediate area approaching "Escalator Unit 25".

51. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYCTA, its agents, servants and/or employees, operated the aforesaid floor mat(s) and the area immediately surrounding "Escalator Unit 25".

52. Upon information and belief, that at all times hereinafter mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter "MTA"), owned Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County

of New York, City of New York and State of New York, and the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

53. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, its agents, servants, employees and/or others acting under MTA's direction, managed, maintained, inspected, repaired, cleaned and controlled Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

54. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, its agents, servants, employees and/or others acting under MTA's direction, placed, floor mat(s) in the area immediately surrounding "Escalator Unit 25".

55. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, derived a special use and benefit from Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

56. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, had a duty imposed by law, to repair and maintain Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

57. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, its agents, servants, employees and/or others acting under MTA's direction, improperly fastened, placed, erected and/or moved the abovementioned floor mat(s).

58. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, owned the abovementioned floor mat(s).

59. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, its agents, servants and/or employees, had a duty to maintain, repair and ensure that such floor mat(s) were not placed in such a way or moved in such a way to create a danger to lawful pedestrians of Penn Station approaching "Escalator Unit 25".

60. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, its agents, servants and/or employees, controlled the aforesaid floor mat(s) which were present in the immediate area approaching "Escalator Unit 25".

61. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA, its agents, servants and/or employees, operated the aforesaid floor mat(s) and the area immediately surrounding "Escalator Unit 25".

62. Upon information and belief, that at all times hereinafter mentioned, the defendant, MTA LONG ISLAND RAILROAD (hereinafter "LIRR"), owned Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, and the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

63. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, its agents, servants, employees and/or others acting under LIRR 's direction, managed, maintained, inspected, repaired, cleaned and controlled Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

64. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, its agents, servants, employees and/or others acting under LIRR's direction, placed, floor mat(s) in the area immediately surrounding "Escalator Unit 25".

65. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, derived a special use and benefit from Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

66. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, had a duty imposed by law, to repair and maintain Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

67. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, its agents, servants, employees and/or others acting under LIRR's direction, improperly fastened, placed, erected and/or moved the abovementioned floor mat(s).

68. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, owned the abovementioned floor mat(s).

69. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, its agents, servants and/or employees, had a duty to maintain, repair and ensure that such floor mat(s) were not placed in such a way or moved in such a way to create a danger to lawful pedestrians of Penn Station approaching "Escalator Unit 25".

70. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, its agents, servants and/or employees, controlled the aforesaid floor mat(s) which were present in the immediate area approaching "Escalator Unit 25".

71. Upon information and belief, that at all times hereinafter mentioned, the defendant, LIRR, its agents, servants and/or employees, operated the aforesaid floor mat(s) and the area immediately surrounding "Escalator Unit 25".

72. Upon information and belief, that at all times hereinafter mentioned, the defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK"), owned Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, and the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

73. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants, employees and/or others acting under AMTRAK's direction, managed, maintained, inspected, repaired, cleaned and controlled Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding escalator that has been identified as "Escalator Unit 25".

74. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants, employees and/or others acting under AMTRAK 's direction, placed, floor mat(s) in the area immediately surrounding "Escalator Unit 25".

75. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, derived a special use and benefit from Penn Station located at 8th Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

76. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, had a duty imposed by law, to repair and maintain Penn Station located at 8th

Avenue and West 31st Street, New York, New York, 10001 in the County of New York, City of New York and State of New York, including the area immediately surrounding "Escalator Unit 25".

77. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants, employees and/or others acting under AMTRAK's direction, improperly fastened, placed, erected and/or moved the abovementioned floor mat(s).

78. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, owned the abovementioned floor mat(s).

79. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, had a duty to maintain, repair and ensure that such floor mat(s) were not placed in such a way or moved in such a way to create a danger to lawful pedestrians of Penn Station approaching "Escalator Unit 25".

80. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, controlled the aforesaid floor mat(s) which were present in the immediate area approaching "Escalator Unit 25".

81. Upon information and belief, that at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, operated the aforesaid floor mat(s) and the area immediately surrounding "Escalator Unit 25".

82. Upon information and belief, that at all times hereinafter mentioned, the area immediately approaching the bottom of "Escalator Unit 25" was left in a dangerous and trap like condition which constituted a hazard to the public.

83. Upon information and belief, that at all times hereinafter mentioned, the area immediately approaching "Escalator Unit 25" from the bottom of the escalator, was left in a dangerous and trap like condition as a result of a floor mat being improperly fastened or secured.

84. Upon information and belief, that at all times hereinafter mentioned, the area immediately approaching "Escalator Unit 25" from the bottom of the escalator, was left in a dangerous and trap like condition as a result of a floor mat being moved in such a way that residue from the floor mat and/or from tape that used to fasten said floor mat was remained on the floor in the aforesaid area.

85. That the aforesaid described condition was dangerous and caused a slipping/tripping hazard to persons approaching "Escalator Unit 25" from the bottom of said escalator.

86. That on August 2, 2021 at approximately 6:45 a.m., SUSAN ZAKI was a lawfully present at the aforesaid location.

87. That at said date and time, Plaintiff SUSAN ZAKI was approaching "Escalator Unit 25."

88. That at the aforesaid time, the Plaintiff SUSAN ZAKI was caused to trip and/or slip and fall as a result of her foot coming into contact with residue in the area immediately approachning "Escalator Unit 25" from the bottom of the escalator.

89. That as a result of said trip and/or slip and fall, Plaintiff SUSAN ZAKI was injured.

90. That the aforesaid occurrence was cause wholly and solely by reason of the negligence of the Defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, MTA LONG ISLAND RAILROAD and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK without any fault or negligence on the part of the plaintiff contributing thereto.

Case 1:22-cv-09372-ER   Document 2-1   Filed 11/01/22   Page 19 of 21

91. The aforesaid incident was caused solely and wholly by reason of the negligence, recklessness and carelessness of the defendants, their agents, servants and/or employees, in: the ownership, operation, management, supervision, inspection, control, maintenance and repair of the floor mat(s) in the immediate area approaching "Escalator Unit 25".

92. That by reason of the aforesaid, the plaintiff SUSAN ZAKI, in addition to the injuries he has suffered, still suffers, and may in the future continue to suffer great pain; she was confined to a hospital and to her bed and home for a period of time, and may in the future be so confined; that she has incurred or expended various sums of money for medical care, attention and treatment, and that she has been disabled from attending to his usual duties and activities and may in the future be so disabled; and that she has sustained permanent and lasting injuries to her body.

93. Section 1602 of the CPLR is applicable as this action is within the exemption set forth in Section 1602(2)(iv) in that the limitations set forth in that article shall not be construed to impair, alter, limit, modify, enlarge, abrogate or restrict any liability arising by reason of a non-delegable duty.

94. That by reason of the aforesaid this plaintiff SUSAN ZAKI has been damaged in an amount which exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ACTION ON BEHALF OF RAMEZ ZAKI
#### *(Loss of Services)*

95. That at all times hereinafter mentioned, Plaintiff, RAMEZ ZAKI, repeats, reiterates and realleges each and every allegation contained herein, as though same more fully set forth herein at length.

96.  That Plaintiff, RAMEZ ZAKI is the lawful spouse of Plaintiff, SUSAN ZAKI.

97.  As the husband of Plaintiff SUSAN ZAKI, Plaintiff RAMEZ ZAKI was entitled to the support, services, consortium, and companionship of his spouse.

98.  As a result of the foregoing, RAMEZ ZAKI has been deprived of the support, services, consortium, and companionship of the Plaintiff SUSAN ZAKI.

99.  By reason of the foregoing, Plaintiff RAMEZ ZAKI has been damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff SUSAN ZAKI demands judgment against the Defendants in the first cause of action and Plaintiff RAMEZ ZAKI demands judgement against the Defendants in the second cause of action in sums which exceed the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the interest, costs, and disbursements of this action.

Dated:    New York, NY
          July 8, 2022

Yours, etc.,

_____
Jason Linden, Esq.
Linden Law LLC
Attorneys for Plaintiff
250 West 57th Street, Suite 432
New York, NY 10107
(212) 804-8440

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )

                                 : ss :

COUNTY OF NEW YORK   )

      Jason Linden, Esq., an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

      I am a Partner of the firm Linden Law LLC attorneys for the plaintiff(s) herein.

      I have read the foregoing COMPLAINT and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

      The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

      The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated: New York, NY
      July 8, 2022

_____
Jason Linden, Esq.